**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SOPHIE SHEN,

        Plaintiff,

     v.

ZHE LI,

        Defendant.

Case No.  26-cv-04150-BLF

**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

[Re:  ECF 11]

Plaintiff Sophie Shen ("Shen") seeks an order authorizing alternative service of process on Defendant Zhe Li ("Li") pursuant to Federal Rule of Civil Procedure 4(f)(3), which governs service on an individual in a foreign country.  *See* Pl.'s Mot., ECF 11.  The Court finds the motion suitable for disposition without oral argument.  *See* Civ. L.R. 7-1(b).  The hearing scheduled for August 20, 2026 is VACATED.   The motion is GRANTED for the reasons discussed below.

## I.   BACKGROUND

Plaintiff Shen filed this action in federal district court on May 6, 2026, asserting state law conversion claims against her nephew, Defendant Li, who is alleged to be "a citizen of a foreign state with address unknown."  Compl. ¶ 5.  Shen seeks to hold Li jointly and severally liable for a California state court judgment she obtained against her brother, Weiping Xia ("Xia").  *See id*. ¶¶ 1-2, 9.  According to Shen, she invested the majority of the capital for a startup company run by her brother Xia and her nephew Li and was promised 45% of the company's shares.  *See id*. ¶¶ 10-12.  Shen alleges that Xia and Li sold the company for $100,000,000 but refused to give her any of the proceeds.  *See id*.  Shen sued Xia and Li in the Santa Clara County Superior Court and obtained a $26,000,000 judgment against Xia following a jury trial.  *See id*. ¶¶ 16-18.  The state court entered default judgment against Li but later vacated that judgment.  *See id*. ¶ 19.

Shen subsequently filed the present action in federal district court, seeking to establish Li's joint and several liability for the judgment entered against Xia in state court. *See* Compl. ¶ 1, 23-35. Because her attempts to locate and serve Li have failed, Shen now moves for an order authorizing alternative service of process under Federal Rule of Civil Procedure 4(f)(3).

## II.   LEGAL STANDARD

Rule 4(f), titled "Serving an Individual in a Foreign Country," provides that an individual "may be served at a place not within any judicial district of the United States" by one of three methods. First, the individual may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention"). Fed. R. Civ. P. 4(f)(1). Second, "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," the individual may be served "by a method that is reasonably calculated to give notice" and satisfies certain enumerated requirements. Fed. R. Civ. P. 4(f)(2). Third, the individual may be served "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Whether to authorize alternative service under Rule 4(f)(3) is committed "to the sound discretion of the district court" based on "the particularities and necessities of a given case[.]" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). The district court need not find that the service methods described in Rule 4(f)(1) and 4(f)(2) are unavailable. *See id*. at 1015. "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Id*. "It is merely one means among several which enables service of process on an international defendant." *Id*. The only requirements are that the "service ordered under Rule 4(f)(3) must comport with constitutional notions of due process and must not be prohibited by international agreement[.]" *Id*. To satisfy the constitutional due process requirement, "the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016-17 (internal quotation marks and citation omitted).

United States District Court
Northern District of California

2

**III.   DISCUSSION**

Plaintiff Shen asks the Court to authorize service on Li by alternative means under Rule 4(f)(3).  She submits a declaration representing that she has made multiple failed attempts to serve Li through ordinary means.  *See* Shen Decl. ¶¶ 13-17, ECF 11-1.  Those efforts included attempted service on Li at several past known addresses, including an address for Li obtained from Bank of America, Li's parents' address in China, and an old address for Li in Antigua & Barbuda.  *See id*.

Shen requests leave to serve the summons and complaint on Li via three separate email addresses he has used, including two email addresses listed in the email service list of the state court case and a third email address Li used to communicate with Cathay Bank.  *See* Shen Decl. ¶¶ 18-19.  She also requests leave to serve Li through delivery of the summons and complaint to an attorney in the United States who represented Li in the California state court proceedings and to a Singapore attorney who represented Li in other matters.  *See id*. ¶¶ 20-21.

Service by email and service through an individual's attorney are among the means of alternative service that may be authorized under Rule 4(f)(3).  *See Rio Props.*, 284 F.3d at 1016.  This Court finds that Plaintiff Shen's proposed alternative service methods are reasonably calculated to give Defendant Li notice of the present action.  Moreover, the proposed alternative service methods are not prohibited by any international agreement.  Even assuming that Li might be domiciled in a country that is a signatory to the Hague Convention, the Hague Convention does not apply when the address of the person to be served is unknown.

Accordingly, Plaintiff's motion for alternative service of process is GRANTED.

**IV.   ORDER**

(1)    Plaintiff's motion for alternative service of process under Federal Rule of Civil Procedure 4(f)(3) is GRANTED.  Plaintiff SHALL file proof of service within 30 days evidencing service of the summons, complaint, and this order on Defendant as authorized herein.

(3)    This order terminates ECF 11.

Dated:  June 1, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3